[Cite as *In re R.J.*, 2018-Ohio-1658.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
HURON COUNTY


In re R.J.                                    Court of Appeals No. H-17-012

                                              Trial Court Nos.  SO 2008 00001
                                                                SO 2008 00002

                                              **DECISION AND JUDGMENT**

                                              Decided:  April 27, 2018

* * * * *

Kevin J. Baxter, Erie County Special Prosecuting Attorney,
and Martha S. Schultes, Assistant Special Prosecuting Attorney,
for appellee.

Timothy Young, Ohio Public Defender, and Timothy B. Hackett,
Assistant State Public Defender, for appellant.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an appeal from an August 21, 2017 judgment of the Huron County

Court of Common Pleas, Juvenile Division, denying appellant's February 2, 2017 motion

to vacate a September 21, 2010 sexual offender classification.  For the reasons set forth

below, this court reverses the judgment of the trial court and remands the matter to the trial court for further proceedings consistent with this decision.

{¶ 2} Appellant, R.J., a minor at the time of the underlying events, sets forth the following two assignments of error:

I. The juvenile court erred when it denied R.J.'s motion to vacate his classification as void, because the court was not authorized to classify him under R.C. 2151.82.

II. The juvenile court erred when it denied R.J.'s motion to vacate his classification, because R.C. 2152.86 was inapplicable and facially unconstitutional.

{¶ 3} The following undisputed facts are relevant to this appeal. On April 10, 2008, appellant was adjudicated to be a delinquent minor on one count of felonious assault, in violation of R.C. 2903.11, a felony of the first degree, one count of attempted rape, in violation of R.C. 2923.02, a felony of the second degree, and one count of abduction, in violation of R.C. 2905.02, a felony of the third degree. Appellant was 15 years of age at the time of the offenses.

{¶ 4} Following these crimes, appellant was committed to a term of incarceration in the Ohio Department of Youth Services ("DYS") of a minimum of two and one-half years to a maximum of appellant's 21st birthday. On September 21, 2010, appellant was released from DYS.

2.

**{¶ 5}** On September 21, 2010, simultaneous to the release, a hearing was conducted pursuant to which appellant was designated to be a Tier III sexual offender for registration purposes. As specifically relevant to this appeal, the trial court erroneously classified appellant for registration purposes as a Tier III offender pursuant to R.C. 2152.82 and 2152.86.

**{¶ 6}** R.C. 2152.82 is Ohio's more stringent repeat juvenile offender classification statute. Appellant was not a repeat offender. R.C. 2152.86 imposed more stringent registration requirements upon offenders whom the trial court imposed a serious youthful offender ("SYO") sentence at disposition. Appellant was not sentenced as a serious youthful offender.

**{¶ 7}** Appellant received a traditional juvenile sentence, not an SYO sentence. In addition, R.C. 2152.86 was subsequently stricken as unconstitutional by the Ohio Supreme Court in 2012. *In re C.P.*, 131 Ohio St.3d 513, 2012-Ohio-1446, 967 N.E.2d 729.

**{¶ 8}** On February 2, 2017, approximately seven years following the subject classification hearing, appellant filed a motion to vacate his 2010 sexual offender classification. In support, appellant argued that it was improper for the trial court to impose the more stringent classification and requirements pursuant to R.C. 2152.82 and 2152.86 as they facially did not apply to appellant's case.

**{¶ 9}** On April 7, 2017, the trial court held an evidentiary hearing on appellant's pending motion. Notably, on August 21, 2017, the trial court acknowledged the plain,

3.

statutory errors in the 2010 classification decision.  Despite this acknowledgement, appellant's motion to vacate was nevertheless denied.  This appeal ensued.

{¶ 10} In the first assignment of error, appellant asserts that the trial court erred in denying the motion to vacate the 2010 sexual offender classification as R.C. 2152.82 was erroneously applied.  Given that the record clearly shows that appellant was not a R.C. 2151.82 repeat offender, yet was more stringently and erroneously classified as though he were a repeat offender, we concur.

{¶ 11} In the related second assignment of error, appellant maintains that the trial court erred in denying appellant's motion to vacate the 2010 classification decision as R.C. 2152.86 was erroneously applied.

{¶ 12} Specifically, the record clearly shows that the underlying 2008 trial court sentence against appellant was not done as an SYO sentence, but was done as a traditional sentence.  Given that appellant was more stringently and erroneously classified pursuant to R.C. 2151.86, which only applies to serious youthful offenders, we concur.

{¶ 13} It is well-established that if it is demonstrated that a trial court committed plain error, the subject judgment is properly reversed if it is shown that the outcome clearly would have been different but for the error resulting such that a manifest miscarriage of justice resulted.  *State v. Wright*, 6th Dist. Lucas No. L-16-1053, 2017-Ohio-1225, ¶ 26.

{¶ 14} As applied to the instant case, the record clearly shows that the result would have been substantively different had appellant's classification been properly

4.

made without erroneously applying the more stringent requirements of R.C. 2152.82 and 2152.86, which were inapplicable to appellant, but were nevertheless applied against him for classification purposes. Accordingly, the record shows that a manifest miscarriage of justice resulted from these plain errors.

{¶ 15} On consideration whereof, we find appellant's assignments of error to be well-taken. Wherefore, the judgment of the Huron County Court of Common Pleas, Juvenile Division, is hereby reversed and remanded to the trial court for further proceedings consistent with this decision. Appellee is hereby ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment reversed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27.
*See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.                             _____
                                                            JUDGE
James D. Jensen, J.

Christine E. Mayle, P.J.                          _____
CONCUR.                                                            JUDGE

                                                            _____
                                                            JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.